KATHERINE McGRATH
vs.
MARLOWE AVENUE CORPORATION, ET ALS.

Superior Court        Fairfield County        File #48933
                                                     #48934

Present:   Hon. ERNEST A. INGLIS, Judge.

David R. Lessler,
F. E. Morgan,                      Attorneys for the Plaintiff.

Daniel E. Brennan,                 Attorney for the Defendant.

## MEMORANDUM FILED NOVEMBER 19, 1935.

INGLIS, J.   The first two grounds of all of the de-
murrers and the third ground of the demurrers to the pleas
of Joseph W. Young, Inc., go to the form of the first para-
graphs of each of the pleas.   These paragraphs might well
have included an allegation that the defendants were not
served with process within the state but that is apparent from
the officers return and certainly, aside from that, the allega-
tion that the respective pleaders are not residents of this state
but are residents of New York and Delaware respectively is
adequate for the purpose of a plea to the jurisdiction on that
ground.   The reference to the corporation as having a resi-
dence in Delaware is sufficiently definite to fairly apprise the
plaintiff of the fact that it is a foreign corporation and the
allegation that it is not a resident of Connecticut is definite
enough to fairly apprise the plaintiff that it is not qualified
to do business in this state.   Accordingly, there are no defects
in the form of the first paragraphs of the respective pleas
which offer good ground for demurrer.

As regards the third ground of demurrer to the pleas of
Joseph W. Young, Jr., and the fourth ground of demurrer
to the pleas of Joseph W. Young, Inc., it is sufficient to point
out that nowhere in the complaints is it alleged that either
of these particular defendants was acting as a broker of se-
curities.   They, therefore, had no reason to allege in their
pleas either that they had or had not complied with the Sale
of Securities Act.   In any event it appears from the sheriffs
return that process in the actions has not been served on
the Bank Commissioner as their attorney.

The allegation in the second paragraph of each of the pleas

to the effect that these defendants did not own the property attached nor any other property in the State of Connecticut is broad enough to refer to and include the debts attached by way of foreign attachment. If it is claimed by the plaintiff that the defendants did own these debts the proper way to raise that issue is by answer to the plea rather than by way of demurrer.

The last ground stated in all of the demurrers is based on **Sec. 5477, Gen. St., Rev. 1930.** That statute provides that "in actions on joint contracts, the service of any process upon such of the defendants as are inhabitants of this state shall be sufficient notice to maintain the suit against all defendants". A sufficient answer to this is that none of the various counts in either action is on a joint contract. The first count in each action is upon an alleged conspiracy to defraud. The second count in Case No. 48933 is on a claim to recover money paid under an allegedly void contract. The count is not on the contract itself nor does it appear that the contract was a joint one. The second count in Case No. 48934 is not upon a joint contract but is to recover money secured by the defendants as agents for each other without giving a good consideration therefor. The third and fourth counts in Case No 48934 do not in any way affect the defendants Joseph W. Young, Jr., and Joseph W. Young, Inc.

The demurrer to the pleas to the jurisdiction are all overruled.